No. 3607

Second Circuit

———

I. BAER CO., LTD., v. BINION ET AL.

———

(December 31, 1929.   Opinion and Decree.)

———

136

Hodge & Barnett, of Rayville, attorneys for plaintiff, appellee.

Warren Hunt, of Rayville, attorney for defendants, appellants.

ODOM, J. This is a suit on a promissory note for $1,000, dated September 25, 1927, made payable to plaintiff, one day after date, signed by F. M. Binion, and indorsed by sundry persons. The note is in the usual form, with the stipulation in its face that "the makers, sureties, endorsers, or guarantors severally waive presentment, protest and notice of protest and dishonor, and the said sureties, indorsers or guarantors further, all and singular, waive the plea of discussion and division."

Defendants in limine tendered an exception of no cause of action, which was overruled. Reserving their rights under the exception, they answered denying that plaintiff was the holder of the note for a valuable consideration, and in paragraph 3 of their answer they allege:

"All of them, with the exception of F. M. Binion (the maker) signed the purported promissory note sued upon in order to secure I. Baer Company in selling on credit certain goods, wares and merchandise to the said F. M. Binion, he, the said F. M. Binion being about to establish a small dry-goods store; that your respondents signed without consideration and purely as an accommodation for the said F. M. Binion in order to help him establish such business."

They further allege that Binion, the maker of the note, represented to them that he would order goods from I. Baer Company not to exceed $250 in value, and that this note should be held by the company, to secure that order, and that no additional order would be made by Binion until the first order was paid, and that this understanding was communicated to the company.

There was judgment for plaintiff, and defendants appeal.

OPINION

The exception of no cause of action was properly overruled. The petition sets out that plaintiff is the holder and owner of the note for value, that the same is due and unpaid, and the note itself is attached to and made part of the petition. The instrument is an unconditional promise to pay a sum certain in money on a day fixed, and the parties to the instrument are clearly indicated.

As to the defense, defendants allege, and it was proved, that the note was made to be used by the maker, F. M. Binion, as collateral for a debt for merchandise to be sold and shipped to the maker of the note. Binion, the maker, purchased goods amounting to $995.91, which were shipped and delivered. The indorsers pleaded that they signed, as indorsers, without consideration, "and purely as an accommodation for the said F. M. Binion in order to help him establish such business." In other words, that they were accommodation

indorsers. That does not relieve them of liability.

Section 29, Act No. 64 of 1904, p. 147, reads as follows:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

These indorsers lent their names to Binion in order that he might secure credit. The maker of the note makes no pretense that he did not secure the credit. He does not deny that he owes the debt, nor do the indorsers. No consideration moving to the accommodating party is necessary to uphold accommodation paper. The parties do not charge fraud or bad faith on the part of the holder of the note, nor do they plead failure of consideration. Aside from this, the indorsers themselves voluntarily paid $250 on the note more than six months after its maturity.

The indorsers allege that the note was not to be used for a credit of more than $250. The question naturally arises, if they intended to lend their names for a credit of only $250, why did they sign a note for $1,000? Mr. Leopold Baer, the witness called for plaintiff, emphatically denied that there was any understanding that the maker of the note should be extended credit for only $250. Neither the maker of the note nor any of the indorsers took the stand to deny Baer's testimony.

The judgment appealed from is correct, and is accordingly affirmed, with all costs in both courts.